# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDAL CLARK,<br>CDCR #G-00372,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S. DAVIS, Correctional Lieutenant;<br>J. NELSON, Correctional Officer,<br><br>　　　　　　　　　Defendants. | Civil No.　　14cv0641 JLS (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF LEAVE TO PROCEED** *IN FORMA PAUPERIS* **[Doc. No. 2]**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

　　　Kendal Clark ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

　　　Plaintiff claims RJD Correctional Officer Nelson failed to protect him from harm at the hands of a fellow inmate in violation of the Eighth Amendment. *See* Compl. at 2-4. Plaintiff further alleges Correctional Lieutenant Davis violated his due process rights during a disciplinary hearing related to the incident. *Id.* at 5-6.

/ / /

Plaintiff has not prepaid the civil and administrative filing fees required by 28 U.S.C. § 1914(a), but he has submitted certified copies of his prison trust account statements at RJD, which the Court will construe as a request to proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1), (b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by a Senior Accounting Officer at RJD verifying his available balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff leave to proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)

### A.   Standard of Review

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(a), (b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

... 

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Plaintiff's Allegations

Plaintiff claims that on April 11, 2013,[2] while he was standing outside his cell on the second tier of RJD's Facility D, another inmate named Rodriguez "struck [him] in the head with [a] closed fist." *See* Compl. at 3 & "Ex. A" at 9. Plaintiff claims the attack was unprovoked, and he "reacted with defensive counter-punches," but Rodriguez continued to "grab[] Plaintiff by the legs [in an] attempt to toss [him] over the rails." *Id.* at 4.

Plaintiff alleges just before the attack, Rodriguez "informed the housing unit officer" (Defendant Nelson) that he was "stressing" and "would do whatever he had to" to get some relief. *Id.* at 3. Plaintiff claims the officer told Rodriguez that "if mental health [staff] wanted to see him, they would call for him." *Id.* Plaintiff alleges Rodriguez was "visibly and verbally in a violent, mentally unstable state," but the officer acted "negligen[tly]," by telling Rodriguez to "do what the hell he had to do," and dismissing him. *Id.* Plaintiff claims after Rodriguez walked away, he went up to the second tier, and struck Plaintiff. *Id.*

Afterwards, Plaintiff alleges Defendant Davis, a Senior Hearing Officer, denied him due process during a disciplinary hearing related to the incident. *Id.* at 5 & Ex. A at

---

[2] While Plaintiff's Complaint lacks some pertinent detail, he has attached several exhibits, including a CDC 115 Rules Violation Report dated April 11, 2013, which provides some supplemental factual background for his claims. *See* Pl.'s Ex. A, Compl. at 8-13. While the court may not generally consider materials outside the pleading when deciding whether a complaint state a plausible claim for relief, it may consider exhibits which are attached. *See* FED.R.CIV.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

11-13. Plaintiff alleges Davis "elected to disregard" statements made by inmate witnesses, and "openly displayed a partial prejudice" against him by finding him guilty of fighting under the circumstances. *Id.* at 6. Plaintiff admits to have had sixty-one days of good conduct credits forfeited as a result of Davis's "unfair" hearing. *Id.* at 5-6 & Ex. A. at 13. He requests that the "guilty finding be reversed," and his lost credit be "reinstated." *Id.* at 6.

### D. Eighth Amendment Failure to Protect Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* at 833; *Hoptowit v. Ray* 682 F.2d 1237, 1250-51 (9th Cir. 1982) ("Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Deliberate indifference" requires that the official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*

As currently pleaded, the Court finds Plaintiff has failed to allege facts sufficient to support a plausible claim for relief under the Eighth Amendment against Defendant Nelson because he has failed to include "further factual enhancement" from which the Court may reasonably infer that Nelson acted, or failed to reasonably act, under circumstances which presented a "substantial" or obvious risk" of "imminent" harm to Plaintiff. *See Iqbal,* 556 U.S. at 678*; Baze v. Rees*, 553 U.S. 35, 50 (2008) (to be deliberately indifferent, a prison official must fail to reasonably act under circumstances which are "'sure or very likely to cause serious . . . and needless suffering'" and which

"give rise to 'sufficiently imminent dangers.'" (quoting *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)).

Here, Plaintiff himself describes Nelson's encounter with Rodriguez as "negligent." *See* Compl. at 4. Neither negligence nor gross negligence constitutes deliberate indifference. *Farmer*, 511 U.S. at 835-36 & n.4. Neither does "an isolated mishap alone . . . violate the Eighth Amendment," because such an event, while regrettable, does not suggest cruelty or a "substantial risk of serious harm." *Baze,* 553 U.S. at 50 (citing *Farmer*, 511 U.S. at 842). Thus, as currently pleaded, the Court finds Plaintiff's Eighth Amendment failure to protect claims against Defendant Nelson are merely "consistent with" his possible liability, but, without more are insufficient to "nudge [Plaintiff's] his claim" of cruel and unusual punishment "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678, 680 (citing *Twombly*, 550 U.S. at 557, 570).

Accordingly, Plaintiff's Eighth Amendment failure to protect claims must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1), but without prejudice so that Plaintiff may attempt to properly amend them in light of the standard of pleading outlined above. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446; *Lucas v. Dept. of Corr.*, 66 F.3d 145, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure [a pleading] defect . . ., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

### E.   Due Process Claims

Plaintiff further alleges to have been deprived of sixty-one days of behavior credit as a result of his disciplinary conviction for fighting, and he seeks to have the "guilty finding reversed" and his credits "reinstated" based on claims that Defendant Davis failed to act impartially and denied him a "fair" hearing based on insufficient evidence. *See* Compl. at 5-6.

The Court finds this claim must also be dismissed for failing to state a claim upon

which section 1983 relief can be granted because a finding in Plaintiff's favor would "necessarily imply the invalidity" of his disciplinary conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997).

*Heck* and *Balisok* make clear that constitutional claims involving a prison's disciplinary decision to revoke behavioral credits fail to state a claim under section 1983 since habeas corpus is the exclusive federal remedy whenever a claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Balisok,* 520 U.S. at 643-44; *Heck*, 512 U.S. at 486-87; *see also Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment."); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("It has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983.").

In *Balisok*, the Plaintiff alleged procedural due process violations similar to those alleged against Defendant Davis in this case. For example, Balisok, like Plaintiff, claimed his disciplinary hearing officer's decision was motivated by "deceit and bias," and that he improperly excluded exculpatory evidence during a disciplinary proceeding resulting in lost good-time credits. *Balisok,* 520 U.S. at 646-47. The Supreme Court reasoned that a "criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." *Id.* at 647. Therefore, Balisok's § 1983 claim for declaratory relief and money damages necessarily implied the invalidity of his disciplinary conviction and rendered his claim incognizable under *Heck*. *Id.* at 648; *see also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (noting that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action

would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). As currently alleged, Plaintiff's due process allegations against Senior Hearing Officer Davis suffer the same fate.

Thus, in addition to amending his pleading to state an Eighth Amendment claim, Plaintiff must also amend to allege facts sufficient to show that Davis' decision to revoke sixty-one days of his behavioral credit has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Until and unless he can do so, no cause of action will accrue under § 1983. *Id.*

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order

in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**IT IS SO ORDERED.**

DATED: August 21, 2014

Honorable Janis L. Sammartino
United States District Judge